UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JERMAIN DESHUN BELLFIELD** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CRIMINAL ACTION V-05-69-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | **CIVIL ACTION V-10-17** |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jermain Deshun Bellfield's ("Petitioner") Motion for Post-Conviction Relief under 28 U.S.C. § 2255. (Dkt. No. 25).[1] The Court ordered the Government to respond, and the Government filed a Motion to Dismiss Petitioner's Motion Under 28 U.S.C. § 2255. (Dkt. No. 29). To date, Petitioner has not filed a response to the Government's motion. After considering the parties' arguments and the applicable law, the Court is of the opinion that Petitioner's motion should be **DENIED** and the Government's motion should be **GRANTED**.

## Factual Background

Petitioner pled guilty to possession with intent to distribute 11 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dkt. No. 1, 10 & 16). The Court sentenced Petitioner to 60 months in prison, and entered judgment on October 13, 2005. (Dkt. No. 16). Petitioner did not appeal. Petitioner filed the instant petition on March 8, 2010, (Dkt. No. 25 at 7), in which he alleges (1) his due process rights were violated because the court imposed sentence on the basis of material misinformation; (2) his due process rights were

---

[1] Unless otherwise noted, docket entries refer to criminal case number V-5-69.

violated because the United States Marshal failed to file a writ of habeas corpus ad prosequendum that would have put the parties on notice that Petitioner was in state custody; and (3) his right to effective assistance of counsel was violated because defense counsel did not investigate the state proceedings and did not ask the federal court for a concurrent sentence. (*Id.* at 5). Petitioner's allegations stem from the fact that the sentence imposed by this Court did not reference Petitioner's pending state revocation case.

## Statute of Limitations

The statute of limitations under 28 U.S.C. § 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the time for seeking review expires, whether or not those options have been pursued. *Clay v. United States*, 537 U.S. 522, 532 (2003). In this case, Judgment was entered on October 13, 2005, and Petitioner did not appeal his conviction or sentence. Therefore, under the law in effect at the time, Petitioner's conviction became final on October 27, 2005. Fed. R. App. P. 4(b)(1)(A) (2005).[2] Accordingly,

---

[2] Prior to December 1, 2009, the deadline for filing a notice of appeal in a criminal case was 10 days after entry of the judgment. *See* Fed. R. App. P. 4. Under the 2005 version of the rules, when a period prescribed or allowed under the rules is less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded from the time computation. See Fed. R. App. P. 26(a)(2) (2005).

Petitioner's one-year limitations period expired on October 27, 2006.

Petitioner provides no explanation as to the untimeliness of his motion and does not argue for statutory or equitable tolling. In any event, equitable tolling is available "only 'in rare and exceptional circumstances.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Neither Petitioner's motion nor the record offers any basis for applying equitable tolling. Moreover, the record discloses no basis for applying any subsection other than § 2255(f)(1) to determine the start of the limitations period. Accordingly, because Petitioner did not file the instant motion until March 8, 2010, (Dkt. No. 25 at 7), Petitioner's motion is time-barred and must be denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## 28 U.S.C. § 2241

Although Petitioner's motion references the instant criminal case, many of Petitioner's claims do not challenge the legality or constitutionality of his conviction or sentence. Instead, many of his claims request "credit for the time he served in state custody." (Dkt. No. 15 at 4). Thus, he appears to be challenging the manner in which his sentence is being computed or carried out. Accordingly, some of his claims are more properly brought in a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); *United States v. Gabor*, 905 F.2d 76, 77-78 n. 2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons.") (citations omitted).

However, this Court is not the proper court to make that determination. Instead, a § 2241 petition should be brought in the jurisdiction where Petitioner is incarcerated. *See Pack*, 218 F.3d at 451. Petitioner is currently incarcerated in the Federal Correctional Institution located in Bastrop, Texas, which is located in Bastrop County. Bastrop County is within the jurisdiction of the Austin Division of the Western District of Texas. 28 U.S.C. § 124(b)(3).

Accordingly, to the extent Petitioner's Motion for Post-Conviction Relief Under 28 U.S.C. § 2255 is construed as a petition pursuant to 28 U.S.C. § 2241, it is hereby **DISMISSED**, because Petitioner is not incarcerated in the Victoria Division of the Southern District of Texas.

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion to Dismiss (Dkt. No. 29) is **GRANTED**.

2. This action is **DISMISSED**.

3. A certificate of appealability is **DENIED**.

4. To the extent Petitioner's Motion for Post-Conviction Relief Under 28 U.S.C. § 2255 is construed as a petition pursuant to 28 U.S.C. § 2241, it is hereby **DISMISSED.**

It is so ORDERED.

Signed this 15th day of September, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE